MACHALE v. LEBER et al.

(Supreme Court, Appellate Term. June 23, 1904.)

1. SALES—CONTRACTS—CONDITIONS PRECEDENT—PERFORMANCE.
    Where plaintiff sold certain machinery to defendants, to be transported to Buenos Ayres and there sold to defendants' customer, defendants agreeing to pay therefor on receipt of the money from such customer, plaintiff could not recover the price without proof that the machinery had arrived at Buenos Ayres, and that defendants had received the money therefor.

Appeal from City Court of New York, Special Term.

Action by Richard L. Machale against Edward F. Leber and others. From a City Court judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Aaronstamm & Chorosh, for appellant.
Maurice J. Katz, for respondents.

FREEDMAN, P. J. The complaint proceeded upon a contract for the sale and delivery by the plaintiff to the defendants of certain machinery at the agreed price of $2,732.40, payable, briefly stated, as follows: $475.20 on January 9, 1901; $435.60 on January 22, 1901; and the balance in four monthly installments, to be made after the arrival of the goods at Buenos Ayres. Payment of $910.80 was admitted, and the controversy under the pleadings was confined to the last four monthly installments.

At the trial the plaintiff failed to prove the contract alleged in the complaint, and, instead thereof, proved a contract under which the said last four items were to be paid by the defendants on receipt of the money therefor from Buenos Ayres after the arrival of the goods at said port, and their delivery to defendants' customer. The testimony of Gilbert, one of the principal witnesses for the plaintiff, showed that the plaintiff thoroughly understood this condition, and that he knew that the payments in dispute were only to be made on receipt of the moneys by the defendants from Buenos Ayres after delivery of the goods to their customer. That being so, the plaintiff was bound to allege and prove, as part of his case, performance of these conditions precedent. This he did not do. The complaint did not even allege that the goods had ever arrived at Buenos Ayres. Nor did he move for an amendment of the complaint. Under all the circumstances, the complaint was properly dismissed at the end of plaintiff's case, and plaintiff's exceptions are untenable.

The judgment must be affirmed, with costs. All concur.